IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01435-RM-NYW

TERRENCE LEE TINNIN,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT, and
FBI OF THE JUSTICE DEPARTMENT,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's motion requesting the aid of a volunteer lawyer (ECF No. 5) which the Court considers filed pursuant to D.C.COLO.LAttyR 15. Under AttyR 15(e), an unrepresented non-prisoner who has paid any filing fee in full may be eligible for appointment of pro bono counsel "after demonstrating limited financial means." In addition, the Court considers the following relevant factors in exercising its discretion as to whether to appoint counsel to an eligible party: the nature and complexity of the action; the potential merit of the unrepresented party's claims; the demonstrated inability of the unrepresented party to retain counsel by other means; and the interests of justice to be served by an appointment. *See Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); AttyR 15(f)(1)(B). "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'" *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985)). "Only in those extreme cases where the lack of counsel

results in fundamental unfairness will the district court's decision be overturned." *Id.* (citation and quotation marks omitted).

Generally, for civil cases, the court maintains a list of qualified lawyers who occasionally volunteer to take such cases without charge. These resources, however, are limited. Upon consideration of the record, the Court finds it insufficient to support the appointment of counsel. Here, Plaintiff fails to demonstrate he has limited financial means. Further, Plaintiff filed only a civil cover sheet but the Magistrate Judge has ordered Plaintiff to file an amended complaint by July 16, 2018. Thus, at this time, the Court is unable to evaluate the first two relevant factors and whether they show an appointment of counsel is warranted. Finally, Plaintiff has not demonstrated an inability to retain counsel by other means or the interests of justice to be served by an appointment. Thus, Plaintiff's request is denied.

While the Court denies Plaintiff's request for an appointment of counsel, it provides notice to Plaintiff of the Federal Pro Se Clinic which provides free legal assistance to people representing themselves in the U.S. District Court for the District of Colorado. The Clinic cannot assist with criminal, bankruptcy, habeas, appeals, or any state cases. If Plaintiff wishes to avail himself of this service, he may make an appointment by phone (303-380-8786).[1] The Clinic is located at: Alfred A. Arraj Courthouse (first floor), 901 19th Street, Denver, CO 80294. Walk-in appointments may also be available, but only on a space-available basis.

In accordance with the foregoing, the Court **ORDERS**

(1) That Plaintiff's motion for appointment of counsel (ECF No. 5) is **DENIED without prejudice**; and

---

[1] Appointments may also be made online at www.cobar.org/cofederalproseclinic, but Plaintiff advises he does not "employ electronic communications." (ECF No. 5, page 1.)

(2) That the Clerk is directed to mail copies of the following to Plaintiff:

   (a) This Order; and

   (b) A Complaint Form (General Complaint).[2]

DATED this 29th day of June, 2018.

BY THE COURT:

/s/ Raymond P. Moore
_____
RAYMOND P. MOORE
United States District Judge

---

[2] This form is being mailed in light of Plaintiff's representation that he does not use electronic communications.