IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01435-RM-NYW

TERRENCE LEE TINNIN,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT, and
FBI OF THE JUSTICE DEPARTMENT,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's letter (ECF No. 33) styled as a "60(b)(6) to open" (ECF No. 33), which the Court construes as a motion. Upon review, the Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

A party may obtain relief under Rule 60(b)(6) for "any other reason that justifies relief" with a request which "must be made within a reasonable time." Fed. R. Civ. P 60(c)(1).

However, "[a] Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018) (citation omitted). And, a "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *See id.* (movant required "to plead and *prove* excusable neglect" (emphasis in original)).

Plaintiff fails to show this extraordinary relief should be granted. The Court dismissed this action based on Plaintiff's failure to show the grounds for the court's subject matter jurisdiction or that he is entitled to the relief sought. Plaintiff's Rule 60(b) motion continues to do so, making conclusory allegations about obtaining his past dossier and medical records and some amorphous covert operation. None of which plausibly alleges that subject matter jurisdiction exists or that Plaintiff has a viable claim for relief.[1] Accordingly, it is

**ORDERED** that Plaintiff's request to reopen his case (ECF No. 33) is **DENIED**.

DATED this 17th day of March, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] Plaintiff also fails to show why his motion could not have been filed sooner. Judgment was entered on December 10, 2018 (ECF No. 30), more than 15 months ago.